HENRY S. EVERETT & another *vs.* CITY OF CHARLESTOWN.

The city of Charlestown having taken certain land by the construction of their water
    works, under *St.* 1861, *c.* 108, a written agreement was made and signed by the owner of
    the land and the chairman of the board of water commissioners to submit the question
    of damages to certain freeholders, and to accept their award as final and waive the right
    of appeal therefrom and of trial by jury.    A warrant was accordingly issued to the per-
    sons so selected, and a hearing was had before them, and the city solicitor appeared and
    conducted the defence in behalf of the city, and an award of damages was made and
    returned into court.    *Held,* that the city could not thereafter repudiate said award, and
    claim a trial by jury.

PETITION originally filed in March 1863 by Edward Everett, and now prosecuted by the administrators of his estate, for the assessment of damages caused to his estate in Winchester by the taking and appropriation of a portion thereof by the defendants in the construction of their water works, under authority of *St.* 1861, *c.* 105; Mystic Pond, upon which said estate is situated, being used by the defendants as a permanent reservoir.

The statute referred to provides that the city shall be liable for damages sustained by any persons, by the taking of land, water or water-rights, or by the construction of the works; that any person sustaining such damages may apply to the superior court by petition for the assessment of damages, and three freeholders shall thereupon be appointed to assess the same, from whose award either party may appeal and claim a trial by jury.

An appearance for the city was entered in the superior court by Griffin & Stearns (counsellors at law) at March term 1863; and on April 6th 1863 a paper was filed therein, signed by Edward Everett and the chairman of the board of water commissioners of the city, requesting the court to approve Thomas Russell, Ezra Lincoln and Oliver L. Clark, as freeholders to assess the damages, and mutually agreeing that the award of said freeholders, or of the major part of them, should be final, and judgment rendered thereon, and mutually agreeing to waive all right of appeal from said award, and all right of trial by jury in the case. A warrant was accordingly issued to those persons to assess the damages; but before any action was had thereon Mr. Lincoln died. On the 26th of June 1863, another paper was filed in the superior court, signed as before, and agreeing upon Albert Fearing as a substitute for Mr. Lincoln, " and that he shall be appointed by the court as one of the freeholders to decide the case, this substitution to have the same force in all respects as if the said Fearing had been originally named referee and appointed a freeholder instead of the said Ezra Lincoln." A warrant was accordingly issued on the 17th of July 1863 to Messrs. Russell, Fearing and Clark to assess the damages, and containing no recital of the agreement to waive the right of a trial by jury. Under this warrant a hearing was had, and on the 14th

of January 1865 the arbitrators made their award, that the city should pay to Mr. Everett, as damages, the sum of $11,960, with costs. Mr. Everett died on the 15th of January 1865, and the administrators of his estate were allowed to appear and prosecute the case, and moved for judgment upon the award; and the city afterwards filed an objection to the acceptance of the award, and claimed a trial by jury.

At the hearing upon the motion for judgment upon the award, before *Wilkinson,* J., J. Q. A. Griffin testified that he appeared for the defence, acting in his general capacity of city solicitor. When the petition was filed he was absent from the Commonwealth, and on his return the agreement of April 6th 1863 had been filed. After the death of Mr. Lincoln, and before the agreement of June 26th 1863 was made, he wrote a private note to the chairman of the water commissioners advising that the agreement to waive a jury trial should not be renewed, but that the case should take the usual course of proceeding under the statute. He appeared before the referees and conducted the trial of the case. After the award was made, the city council passed an order directing him to claim a trial by jury.

The chairman of the board of water commissioners testified that he made the two agreements by authority of the board. No communication in reference to them was made by the board to the city government. He had conferences with the mayor, and remembers no objection being made. The mayor was present a part of the time at the hearing.

On these facts, the award was accepted and judgment rendered thereon, in the superior court, and the case was reported for the determination of this court.

*J. Q. A. Griffin,* for the respondents. The water commissioners alone made the agreement to waive the right of trial by jury; and they had no authority to make such agreement, and their agreement was void. They had no power to submit the question to arbitration; and in point of fact they agreed upon " freeholders " and not upon arbitrators. Messrs. Russell, Fearing and Clark were duly appointed as freeholders, and heard the parties as freeholders, and their award was valid as an award of

freeholders. The warrant to them contained no recital of the agreement to waive a trial by jury, and the freeholders could have no knowledge of the agreement now sought to be enforced. The fact that the city appeared before them has, therefore, no weight.

*C. F. Choate,* for the petitioners.

BIGELOW, C. J. The brief and decisive reason for holding the defendants to the agreement of submission and to the finality of the award is, that in all the proceedings they were represented by their attorney of record, who not only assented to the agreement of submission, but fully ratified it by appearing before the arbitrators and endeavoring to obtain a favorable award in behalf of the defendants. No doubt can be entertained of the power and authority of an attorney of a party to bind him by an agreement for arbitration. Such an agreement need not be in writing. It is sufficient if it appears to have been known, fully understood and assented to by the attorney. Such assent is fully shown here. It appears that the agreement of submission was made after consultation with the attorney; it was filed with his knowledge; he was cognizant of the taking out of the warrant in pursuance of the agreement; and he was present and represented the defendants before the arbitrators. His knowledge, assent and ratification thus shown are binding on the defendants. It would be entirely inconsistent with that good faith and fair dealing which ought to be observed in all judicial proceedings to permit the defendants to come in and disavow the acts of their attorney at this stage of the cause. The petitioner was irrevocably bound by the award. He could not escape from it, however unfavorable or adverse to his interests it may have proved to have been. Justice requires that the defendants should also be held to abide by it, and should not be allowed to escape from it, after they have taken their chance of obtaining a favorable award upon grounds of which they had full knowledge, and might have availed themselves prior to the time when the hearing before the arbitrators took place.

*Award accepted, and judgment thereon.*